UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Scott Edelstein

*Plaintiff,*

Case #: **15-CV-2077**

 against

**MOTION TO DISMISS**

360 Sports Management, Inc. D/b/a 360 Sports Agency and
D/b/a 360 Sports Management, Robert Licopoli and
John Does #1-100,
*Defendants,*

_____

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Robert F. Licopoli

affirmed on June 7, 2015, and upon the exhibits attached thereto and the pleadings herein,

plaintiff/defendant will move this Court, before Judge Engelmayer, United States District Judge,

for an order pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for Improper

Service.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  June 8, 2015

Signature: *Robert Licopoli*

Address 412 E 79th Street, Apt. 2a
New York, NY 10075
Telephone Number: 646-477-6733

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Scott Edelstein

*Plaintiff,*

Case #: **15-CV-2077**

- against -

**AFFIRMATION IN**

**SUPPORT OF MOTION**

360 Sports Management, Inc. D/b/a 360 Sports Agency AND

D/b/a 360 Sports Management, Robert Licopoli and John Does #1-100,

*Defendants,*

I, Robert F Licopoli **affirms under penalty of perjury** that:

1. I, Robert F. Licopoli, am one of the defendants in the above entitled action, and I respectfully move this Court to issue an order to dismiss for improper service based on Rule 4 and Rule 12(b)(5) of the Federal Rules of Civil Procedure as referenced in the attached exhibits.

2. <u>Exhibit 1: Affidavits of Service</u> states the Summons was served to a male recipient "age 60", over 200 pounds, and 5'9" - 6'0" with gray hair. at 412 E 79th Street Apt 2a, New York, NY 10075; however, there is no one at this residence, including myself, that meets this description.

3. The residence is a 15 unit apartment building that requires buzzer access to enter the building. The only residents of apartment 2a, other than myself, are my

wife, Theresa, and our two sons, Jake, age 10 and Alex, age 11. My wife, age 44, whose height is 5'7" and weighs 130 pounds has black hair.  I am age 46, and my height is 6'4", weight 270 pounds with I have salt and pepper brown hair.  I am athletic and play for an elite level amateur rugby team, Old Blue Super Blues, that competes at an international level. Additionally, there are no residents in the building meet the description.

4.     There is a handyman (Tony) that comes to the building periodically that does meet that description; however, I do not know if it is him because I did not receive any information or documentation from him.

5.     There is no chance that I could have misunderstood receiving a delivery or package because in the Summons the delivery person, Andre Meisel, swears he spoke to me and asked if I was in the military.

6.     I swear that no one has ever asked if I was active in the military service as Andre swore to in the Summons.

7.     Although I was aware the attorney for the plaintiff filed the Summons with the courts, it was in March and I had no way of knowing when, or if, I would receive the Summons since I felt it was a threat to get a settlement.

8.     My defense of improper service shall be supported by the fact the 360 Sports Management, Inc. was improperly served as well.

9.     To support the claim that 360 Sports Management, Inc. was improperly served, I was shocked when I received <u>Exhibit 2: Order to Show Cause</u> on May 27th, 2015

10.    By Coincidence I filed an extension to respond (of which the court granted) on May 27th, the day i returned from my mother's burial.

11. I had only learned of the Summons and Complaint when i filed for the extension of time.

12. I was shocked because i didn't receive the Summons until the May 11th, 2015, which would allowed until June 1st to respond.

13. I saw the Summons and Complaint for the first time when I checked the 360 Sports Management Corporate virtual mailbox at Aerobeep, a company that provides mailbox services for a fee that is located at 244 5th Avenue, R260, New York, NY 10001.

14. No one at the virtual mail office made any attempt to notify me I had a Summons, let along any other delivery.

15. None of the staff are qualified to notify me or the corporation.

16. The Aerobeep virtual mail office serves as the mailing address for the New York office of 360 Sports Management, Inc, a Florida based C Corporation.

17. We did not receive a summons at our official mailing address in Florida at:

> 8025 ABERDEEN DRIVE
> UNIT 202
> BOYNTON BEACH, FL 33472

18. In accordance to Rule 4 of the Federal Rules of Civil Procedure, Service of Process must be made on an authorized agent of the corporation in order to constitute valid personal service on a principal.

19. Image 1 clearly shows that the place of service is a commercial virtual mail center:

*Image 1: Entrance to the 360 Sports Management mail service:*



20.     Image 2 clearly demonstrates there are many workers (judging by number of desks), none of which could be misinterpreted as an official representative of 360 Sports Management, Inc. or Robert Licopoli:

*Image 2: mail room where Summons and complaint were served:*



21.     In addition (according to Rule 4 and consistent with state law) Service on an administrative assistant, receptionist, secretary, part-time hourly worker, or other employee who is not a registered or authorized agent for receipt of process, does not satisfy the personal service requirement, regardless of whether the defendant received actual notice of the suit.  Further, it is necessary that an employee who receives service have "managerial or supervisory" responsibilities in the corporation and that the employee's position affords reasonable assurance the he/she would inform the corporation that process has been served.

22.     With all due respect the lawsuit cannot proceed until service of process has properly been made on me, as well as all the other defendants.

23.     In support of the motion to dismiss, Matthew A. Nanninga, Esq., a partner at Drew, Eckl & Farnham, published on January of 2007 at http://wwwdeflaw.com, (contact: mnanninga@deflaw.com),:

*"Courts have held that personal jurisdiction is "the very bedrock of due process."*  **McRae v. White, 269 App. 455, 604 S.E.2d 291 (2004)**. *Personal jurisdiction is obtained through service of process, which is required in every lawsuit. Without proper service, no valid lawsuit arises. It is only after a plaintiff obtains proper service upon the defendant that the court obtains jurisdiction over the defendant to impose an enforceable judgment of liability and damages. If the plaintiff fails to obtain proper service upon the defendant, the lawsuit must be dismissed due to the court's lack of jurisdiction. Additionally, if the applicable statute of limitations has run and the plaintiff fails to obtain proper service in a timely manner, he may be prohibited from correcting this error and barred from recovery based upon this defense. The general rules pertaining to proper service of process require that the plaintiff serve both the summons and complaint upon the defendant personally if he is an individual, or upon an officer or managing agent (usually the registered agent designated in its filings with the Secretary of State) if the defendant is a business entity. There are alternative methods for service of process; however, personal service upon the defendant or its corporate registered agent is the most common and accepted method, and the plaintiff's failure to obtain service in this manner may provide the defendant with the strongest defense pertaining to insufficient service of process and personal jurisdiction. The plaintiff has the burden of showing that "due diligence" was exercised in serving the defendant."*

24.     **WHEREFORE** based on the improper process of service, I respectfully ask the courts to grant this motion, as well as such other and further relief for myself, Robert Licopoli, 360 Sports Management, Inc and the other named defendants in this case, as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated June 10, 2015

Signature: *Robert Licopoli*

Address 412 East 79th Street,
Apt. 2a
New York, NY 10075
Telephone Number: 646-477-6733

| | |
|---|---|
| U.S. DISTRICT COURT OF THE STATE OF NEW YORK<br>SOUTHERN-NY COUNTY | INDEX #: 15-CV-2077<br>ENGELMEYER<br>DATE FILED: 3/19/2015<br>COURT DATE:<br>Job #: 458753<br>Your File No: |

SCOTT EDELSTEIN

*Plaintiff*

vs

360 SPORTS MANAGEMENT, INC. d/b/a 360 SPORTS AGENCY AND d/b/a 360 SPORTS MANAGEMENT, ROBERT LICOPOLI, AND JOHN DOES #1-100

*Defendant*

LAW OFFICES OF ELI Z. FREEDBERG, P.C.
370 LEXINGTON AVENUE, SUITE 2103
NEW YORK, NY 10017
COURT DATE

CLIENT'S FILE NO.:

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK: COUNTY OF NASSAU ss:

I, Andre Meisel, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 5/11/2015 at 2:41 PM at
    412 E 79TH STREET, APT. 2A, NEW YORK, NY 10075

Deponent served the within SUMMONS IN A CIVIL ACTION, COMPLAINT AND CIVIL COVER SHEET
on ROBERT LICOPOLI recipient therein named.
THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 3/19/2015

By personally delivering to and leaving with said ROBERT LICOPOLI a true copy thereof and that he knew the person so served to be the person mentioned and described in said SUMMONS IN A CIVIL ACTION, COMPLAINT AND CIVIL COVER SHEET

A description of the recipient or other person served on behalf of the recipient is as follows.
**Approx Age**: 60, **Approx Weight**: Over 200 Lbs., **Approx Height**: 5ft 9in - 6ft 0in, **Sex**: Male, **Approx Skin**: White,
**Approx Hair**: Gray, **Glasses**:   **Other**:

Deponent spoke to and confirmed the above address of the defendant and asked whether defendant was in active military service of the United States or the State of New York in any capacity whatever or is a dependent of anyone the military and receved a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that defendant is not in the military service of New York State or of the United States as that term is defined in either the state or federal statutes.

Sworn to before me on 5/12/2015
Jason A Saccone 01SA6001537
Notary Public, State of New York
Qualified in Nassau County
Commission Expires January 20th 2018



Andre Meisel
1372356

R/D Traveler's 206 Stonehinge Ln - Ste 2, Carle Place, NY 11514 - NYC DCA Lic# 1373465

| | |
|---|---|
| SCOTT EDELSTEIN | INDEX #: 15-CV-2077<br>ENGELMEYER<br>DATE FILED: 3/19/2015<br>COURT DATE:<br>Job #: 458508<br>Your File No: |
| vs             Plaintiff | |
| 360 SPORTS MANAGEMENT, INC. d/b/a 360 SPORTS AGENCY AND d/b/a 360 SPORTS MANAGEMENT, ROBERT LICOPOLI, AND JOHN DOES #1-100 | LAW OFFICES OF ELI Z. FREEDBERG, P.C.<br>370 LEXINGTON AVENUE, SUITE 2103<br>NEW YORK, NY 10017<br>COURT DATE |
| Defendant | |

CLIENT'S FILE NO.:

## AFFIDAVIT OF SUITABLE SERVICE

STATE OF NEW YORK: COUNTY OF NASSAU ss:

Andre Meisel, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 5/5/2015 at 12:40 PM at 244 5TH AVENUE, BOX R260, NEW YORK, NY 10001 deponent served the within SUMMONS IN A CIVIL ACTION, COMPLAINT AND CIVIL COVER SHEET on ROBERT LICOPOLI therein named. THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 3/19/2015

After your deponent was unable with due diligence to serve the recipient by personal delivery, service was made by delivering a true copy thereof to and leaving with ANIL TANEJA CLERK a person of suitable age and discretion at 244 5TH AVENUE, BOX R260, NEW YORK, NY 10001 said premises being the recipient's business within the State of New York. Deponent asked ANIL TANEJA whether recipient ROBERT LICOPOLI maintains the premises as his/her usual business within the State of New York, and the answer was in the affirmative.

Deponent completed service by depositing a copy of the SUMMONS IN A CIVIL ACTION, COMPLAINT AND CIVIL COVER SHEET on 5/6/2015 in a postpaid, properly addressed envelope by first class mail, bearing the legend Personal & Confidential and not indicating legal action, in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.
Mailing was made to 244 5TH AVENUE, BOX R260, NEW YORK, NY 10001

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 45, **Approx Weight**: 161-200 Lbs., **Approx Height**: 5ft 4in - 5ft 8in, **Sex**: Male, **Approx Skin**: White, **Approx Hair**: Black, **Glasses**: Yes
**Other**:
THIS IS A MAILBOX STORE. BOX IS IN HIS NAME & COMPANY NAME.
Deponent spoke to ANIL TANEJA,CLERK, and inquired as to whether defendant was in active military service of the United States or the State of New York in any capacity whatever or is a dependant of anyone in the military and received a negative reply and that the defendant always wore civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that the term is defined in either the State or in Federal statutes.

Sworn to before me on 5/6/2015
Jason A Saccone 01SA6001537
Notary Public, State of New York
Qualified in Nassau County
Commission Expires January 20th 2018



Andre Meisel
1372356

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

SCOTT EDELSTEIN,

                              Plaintiff,

          -v-

360 SPORTS MANAGEMENT, INC., et al.,

                            Defendants.

------------------------------------------------------------------------X

15 Civ. 2077 (PAE)

ORDER TO SHOW CAUSE

PAUL A. ENGELMAYER, District Judge:

        Plaintiff filed the complaint in this action on March 19, 2015. Service of the complaint was executed on May 2, 2015, and defendants' answer to the complaint was due May 26, 2015. Defendants having never made an appearance in this action, no progress having been made on this case, and plaintiff having taken no steps to obtain default judgment, it is hereby ORDERED that plaintiff shall show cause by June 25, 2015 why the above-captioned action should not be dismissed for failure to prosecute, pursuant to Rule 41 of the Federal Rules of Civil Procedure. Plaintiff may show cause by properly submitting a motion for default judgment, pursuant to the Court's individual rules, by the above date. Failure to submit a proper motion for default judgment will result in dismissal of this case.

        SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: May 27, 2015
       New York, New York