UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SCOTT EDELSTEIN,

                           Plaintiff,

            -v-

360 SPORTS MANAGEMENT, INC., et al.,

                        Defendants.

------------------------------------------------------------X

15 Civ. 2077 (PAE)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/28/15

PAUL A. ENGELMAYER, District Judge:

On June 10, 2015, defendant Robert Licopoli, proceeding *pro se*, filed a motion to dismiss on the basis of improper service. Dkt. 13.[1] Licopoli, in his reply, separately requests the Court's permission for (1) counsel for the corporate defendant, 360 Sports Management, Inc. ("360 Sports"), to serve as his counsel, and (2) a gag order, barring plaintiff Scott Edelstein from speaking to the media about this case. This order addresses those issues in turn.

*First*, as to the motion to dismiss, Licopoli notes that the affidavit of service states that summons were served at 412 E. 79th Street Apt. 2a, New York, NY 10075 (Licopoli's residence), on a male who is (1) age 60, (2) over 200 pounds, (3) with gray hair, and (4) between five-feet-nine and six-feet in height. Dkt. 13 ¶ 2. However, Licopoli claims that no one at his residence fits that description; he himself is (1) age 46, (2) 270 pounds, (3) with "salt and pepper

---

[1] Licopoli moves for dismissal due to improper service on behalf of himself and the corporate defendant, 360 Sports. However, as the Court has previously informed Licopoli, "a layperson may not represent a separate legal entity such as a corporation," *Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007). Dkt. 9. Further, 360 Sports is currently represented by counsel. *See* Dkt. 16. The Court thus denies Licopoli's motion for dismissal on behalf of 360 Sports.

brown hair," and (4) six-feet-four in height. *Id.* ¶ 3. On July 1, 2015, Edelstein responded to Licopoli's motion. Dkt. 19. On July 16, 2015, Licopoli filed a reply. Dkt. 24. In the reply, Licopoli stated that he accepts the service of the Complaint on July 10, 2015 as "proper." *Id.* at 1. Therefore, because Licopoli has accepted service, the Court denies Licopoli's motion to dismiss for improper service as moot.

*Second*, in Licopoli's reply, Licopoli requests that counsel for 360 Sports be permitted to serve as his counsel. The Court denies this request. At today's initial pretrial conference, which Licopoli did not attend, counsel for 360 Sports made clear that he has been engaged only by 360 Sports and articulated facts that indicate the potential for conflict between the legal positions of 360 Sports, on the one hand, and Licopoli, on the other. Licopoli therefore remains *pro se*. He is, of course, at liberty to retain his own counsel. Licopoli is directed to submit his answer to the Complaint by August 5, 2015.

*Finally*, Licopoli requests that the Court direct Edelstein to "[c]ease and [d]esist" from "speaking to the media and online publications about the details of this case." *Id.* Specifically, Licopoli alleges that Edelstein "concocted a one sided article in collaboration with a third party reporter" and argues that the following statement, among others, written in the article published by Law360, a legal news agency, is "untrue": "Edelstein worked for Licopoli and 360 Sports Management for about five months [and] he says he never got paid even though he had an employment contract with the company." *Id.* (citing Maya Rajamani, *Sports Agency Wage Suit Was Properly Served, Plaintiff Says*, Law360 (July 2, 2015), http://www.law360.com/articles/675218/sports-agency-wage-suit-was-properly-served-plaintiff-says).

The Court construes Licopoli's request as a motion for a gag order. *See Schoolcraft v. City of New York*, No. 10 Civ. 6005 (RWS), 2013 WL 4534913, at *1 (S.D.N.Y. Aug. 27, 2013).

The Second Circuit has held that "[a]n order that prohibits the utterance or publication of particular information or commentary imposes a 'prior' restraint on speech. A prior restraint on constitutionally protected expression, even one that is intended to protect a defendant's Sixth Amendment right to trial before an impartial jury, normally carries a heavy presumption against its constitutional validity." *U.S. v. Salameh*, 992 F.2d 445, 446–47 (2d Cir. 1993) (citing *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 570 (1976)). Here, Licopoli, aside from providing the Law360 article and generally alleging that the statements in the article are "damaging" and "not true," has given the Court no reason whatsoever to conclude that this initial pretrial publicity has been prejudicial or compromises his right to a fair trial. *See Jemine v. Cake Man Raven, Inc.*, No. 08 Civ. 3072 (RRM) (MDG), 2009 WL 3174289, at *1 (E.D.N.Y. Oct. 2, 2009). Further, Edelstein and his counsel did not speak to the media; rather, the Law360 reporter merely summarized and quoted both parties' briefs on the motion to dismiss. Given the utter lack of necessity for a gag order, the Court emphatically denies Licopoli's request.

Plaintiff's counsel and counsel for 360 Sports are directed to serve, by all means necessary, including via e-mail, this Order on Licopoli by the close of business Wednesday, July 29, 2015, and to file an affirmation of service on ECF by July 30, 2015.

The Clerk is respectfully directed to terminate the motion pending at docket number 13.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 28, 2015
New York, New York