UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTT EDELSTEIN,

                                   Plaintiff,

-v-

360 SPORTS MANAGEMENT, INC., ROBERT
LICOPOLI, and JOHN DOES #1–100,

                                   Defendants.
------------------------------------------------------------X

15 Civ. 2077 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On September 28, 2016, defendant Robert Licopoli, appearing *pro se*, filed a motion, under Federal Rule of Civil Procedure 60(b), to reopen this case and vacate the judgment that was entered against him on January 4, 2016. Dkt. 55. Judgment was entered against Licopoli after he breached a settlement agreement overseen by Magistrate Judge Andrew J. Peck by refusing to execute a confession of judgment and make a payment due thereunder. In his reply brief in support of his motion to vacate the judgment, Licopoli also requests "an exception" permitting him to represent his co-defendant 360 Sports Management, Inc. ("360 Sports") for purposes of his Rule 60(b) motion. Dkt. 61 at 2. For the reasons that follow, the Court denies Licopoli's request to represent 360 Sports and denies Licopoli's motion to reopen the case and vacate the judgment against him.

I. **Background**

On November 3, 2015, the parties in this action appeared for a settlement conference before Judge Peck. Licopoli appeared on his own behalf, and attorney Richard A. Luthmann appeared on behalf of 360 Sports, a company of which Licopoli is the majority owner. Dkt. 55

at 1, 7. At the beginning of that conference, Judge Peck discussed with the parties the potential for sanctions as a result of defendants' failure to respond to any of plaintiff's discovery demands by deadline imposed by this Court. *Id.* at 11–12. The parties then engaged in a private settlement discussion and, upon returning to the courtroom, placed a settlement agreement on the record. *Id.* at 14. Under the agreement, defendants were required to execute "a confession of judgment for $150,000." *Id.* at 15–16. Judge Peck informed defendants that "[f]ailure to sign the confession of judgment and produce it constitutes a material breach of the settlement agreement, and if not cured within five business days, then judgment will be entered by this Court, confession or not, for $150,000." *Id.* at 16. Both Luthmann, on behalf of 360 Sports, and Licopoli, on his own behalf, orally consented to the terms of the settlement. *Id.* at 17–18.

Following the conference, defendants failed to execute a confession of judgment or make any required payment under the settlement agreement. Dkt. 60 at 4. Despite a second order from Judge Peck dated November 16, 2015, directing defendants to "execute confession of judgment and deliver same to plaintiff's counsel, with a copy to the Court," Dkt. 60-2 at 2, and despite a third order from Judge Peck dated November 23, 2015, informing defendants they had "one last chance" to comply, Dkt. 60-4 at 2, defendants still did not execute and deliver the confession of judgment, Dkt. 60 at 4–5. Accordingly, on December 4, 2015, Judge Peck directed the Clerk of Court to enter judgment for plaintiff against defendants, jointly and severally, for $150,000. Dkt. 60-6 at 2.

On September 28, 2016, Licopoli filed this motion, under Rule 60, to reopen the case and vacate the judgment entered against him. On October 20, 2016, plaintiff Scott Edelstein filed a letter brief in opposition. Dkt. 60. On October 27, 2016, Licopoli filed a reply. Dkt. 61.

**II.    Discussion**

### A. Licopoli's Request to Represent 360 Sports

As noted above, in his reply, Licopoli asks this Court to permit him to represent 360 Sports for purposes of this motion. Dkt. 61 at 2. This is not Licopoli's first such request. In an order dated May 29, 2015, the Court granted Licopoli's motion to represent himself in this case but denied his motion to represent his co-defendant. Dkt. 9. The Court did so because "a layperson may not represent a separate legal entity such as a corporation." *Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007).

In support of his request for an exception to this rule, Licopoli cites *In the Matter of Holliday's Tax Servs., Inc.*, 417 F. Supp. 182 (E.D.N.Y. 1976), *aff'd without opinion sub nom. Holliday's Tax Servs., Inc. v. Hauptman*, 614 F.2d 1287 (2d Cir. 1979)), a factually distinguishable case in which a sole shareholder was permitted to represent his corporation in petitioning for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 *et seq*. In the more than 40 years since that holding, "the Second Circuit has not embraced *Holliday*" and there now exists "overwhelming caselaw that is contrary to the holding in *Holliday*." *N.Y. State Teamsters Conference Pension & Ret. Fund v. Comac Builders Supply Corp.*, No. 6 Civ. 208 (FJS) (GHL), 2008 WL 150515, at *3–4 (N.D.N.Y. Jan. 14, 2008) (citing cases).

The Court therefore denies Licopoli's request to represent 360 Sports for the same reasons set forth in the Court's May 29, 2015, order. Accordingly, to the extent that Licopoli's present motion seeks any relief on behalf of 360 Sports, the motion must be denied.

### B. Licopoli's Motion to Reopen the Case and Vacate the Judgment

Licopoli has moved to reopen the case and vacate the judgment against him under Rule 60(b), which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. The Second Circuit has held that, although Rule 60(b) "should be broadly construed to do substantial justice[,] . . . final judgments should not be lightly reopened." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Id.*

The Second Circuit has also held that, when parties agree to a disposition of a case without proceeding to trial, "the burden to obtain Rule 60(b) relief is heavier." *Id.* at 63. In other words, "[w]hen a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect." *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). "A settlement agreement is a contract that is interpreted according to general principles of contract law," and, "[o]nce entered into, the contract is binding and conclusive." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007).

Here, Licopoli orally agreed to a settlement agreement on the record at the settlement conference. "A 'voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to

4

writing, signed, or filed.'" *Id.* (quoting *Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL–CIO*, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam)). "The settlement remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." *Powell*, 497 F.3d at 128 (quoting *Millgard Corp. v. White Oak Corp.*, 224 F. Supp. 2d 425, 432 (D. Conn. 2002)).

In his Rule 60(b) motion, Licopoli maintains that the settlement agreement was tainted by various improprieties committed by the magistrate judge and by counsel. Yet none of Licopoli's allegations establish either fraud or mutual mistake—or inadvertence, surprise, excusable neglect, or any other ground for Rule 60(b) relief.

Licopoli fails to identify, *inter alia*, any "unilateral mistake coupled with fraudulent concealment by the knowing party" or any "mutual mistake," as is necessary "to overcome the presumption of enforceability and set aside a settlement agreement under New York law." *Quinones v. Police Dep't of City of N.Y.*, 2012 WL 1232954 at *4. Although Licopoli claims that he "did not know what a Confession of Judgment was at the time" that he entered into the settlement agreement, Dkt. 55 at 3, he fails to make even a conclusory allegation that plaintiff's counsel committed any fraudulent concealment such as by misleading him regarding the concept of a confession of judgment. Nor does Licopoli provide any support for his assertion that plaintiff's counsel "committed . . . willful misconduct, and in the defense's belief, attempted to commit fraud" by sending him an "inaccurate" initial draft of the confession of judgment that "contained mistakes such as an incorrect name." *Id.* at 3. Licopoli does not allege any

5

information suggesting that these errors were more than unintentional and of the nature of a "typo."[1]

Licopoli also claims that Judge Peck "was condescending" and "belittled" the participants at the conference. *Id.* at 1. He cites in particular Judge Peck's comments at the beginning of the conference regarding the possibility of sanctions. *Id.* However, the transcript of the settlement conference makes plain that the discussion of potential sanctions resulted from the fact that, at the time of the settlement conference, the discovery deadline had passed and defendants had failed to respond to any of plaintiff's discovery demands. Dkt. 55 at 11–12. At the conference, Licopoli conceded that he had not responded to discovery requests, stating, "I don't need discovery," and, "When I read what [the plaintiff] was asking for, it was infeasible. . . . It would have cost significantly more." *Id.* at 12. "[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990), and a *pro se* litigant's failure to comply with an order to permit or provide discovery "may result in sanctions," *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Licopoli thus identifies no improper conduct by Judge Peck that would somehow entitle him to relief under Rule 60(b).

The Court therefore denies Licopoli's motion to reopen this case and set aside the judgment against Licopoli. The Clerk of Court is respectfully directed to close the motions pending at Dkts. 55 and 62.

---

[1] In his email correspondence with plaintiff's counsel, which Licopoli attaches to his Rule 60(b) motion, Licopoli in fact refers to the mistake in the confession of judgment as a typo. *See* Dkt. 55 at 63 ("I was prepared to sign the Confession however, there is a typo in the form you provided.").

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: April 21, 2017
      New York, New York